## STATE v. FLOYD S. MARSHALL.

169 N. W. (2d) 23.

June 13, 1969—No. 41118.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Leonard D. Brod,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

Defendant, age 26, was convicted of the crime of indecent assault upon Patricia Mae Hull, age 14, in violation of Minn. St. 1965, § 617.08.[1] It is undisputed that defendant and a male companion came to the Hull home at about midnight, to collect money owed defendant for his service in repairing the Hull automobile. Defendant's visit was not otherwise unusual, for he had been a family friend of Mrs. Gloria Hull and her children for several years and was frequently in their company and in their home. The complaining witness testified that she was awakened in her bedroom when defendant, who had entered while she was sleeping, and removed her

---

[1] Minn. St. 1965, § 617.08, "Indecent Assault," provides: "Every person who shall take any indecent liberties with or on the person of any female, not a public prostitute, without her consent expressly given, and which acts do not in law amount to rape, * * * and every person who shall take such indecent liberties with or on the person of any female under the age of 16 years, * * * without regard to whether * * * she shall consent to the same or not, * * * shall be guilty of a felony."

panties, forcibly attempted to have sexual intercourse with her. Defendant testified that the act did not occur at all and that he was not even in the bedroom. The girl's testimony was substantially corroborated by her sister; defendant's testimony was corroborated by his male companion. The issue of fact, involving an assessment of the credibility of the witnesses, was obviously for the jury and, without more, would compel affirmance of the conviction.[2]

After conviction, however, defendant moved for an order vacating the verdict and granting a new trial on the grounds of material evidence, newly discovered, which with reasonable diligence could not have been found or produced at the trial, to the effect that the young complaining witness was a prostitute. This motion was accompanied by the affidavit of one Edward Puckett, which explicitly states that about 2 months prior to the alleged offense he was solicited and had sexual intercourse with the young complainant, for a price. At hearing on the motion, defendant's counsel stated to the court:

"* * * I would state that I had difficulty in finding the individuals. * * * [D]ue to the age of the complaining witness, * * * there was a reluctance on the part of the people who would file affidavits concerning the conduct of the complaining witness. I had interviewed four or five fellows who had indicated that the complaining witness had, along with her sister and another sister, been prostituting on Oak Grove Street in an apartment which the police put them out of that apartment [sic]. I had an affidavit signed by a Mr. Plunkett [Puckett?] and — which is the difficulty of our being able to secure evidence concerning this complaining witness is the fact that the — indication that they wanted to prosecute the affiant of this affidavit, which also percludes us from getting other people in to testify as to the character of the complaining witness."

The trial court in denying the motion stated in part:

"* * * [T]he Court would just observe on the motion, this Court having presided at the trial, there was no indication or intimation during the course of the trial that this young 14 years old girl was a prostitute. To the extent that the Court was able to observe her, she didn't look like any sophisticated prostitute; she looked more like an immature innocent girl of that age. There was no testimony, as the Court recalls it, that there was any of the surrounding circumstances of an alleged act of prostitution in connection with this, there was none claimed by the defendant on the trial.

---

[2] We have considered defendant's claim that the testimony of a policewoman, impeaching the testimony of defendant, was erroneous and unreliable. The claim is too meritless to require discussion.

There is serious legal question as to whether a 14 year old girl by law cannot give consent under any circumstances, whether she comes within the definition of a common prostitute as set forth in the statute involved in indecent assault, namely, Minnesota Statutes Annotated, 617.08. * * * There is no showing in this matter that, in any event, that there's any newly-discovered evidence that really was newly discovered."

We hold that the trial court did not err in denying defendant's motion for its stated reasons that the evidence proferred by defendant was neither material nor newly discovered. Even if we were to construe the statute as excepting from criminal sanctions unconsented indecent liberties with or upon females who are public prostitutes, regardless of their age, we must in any event construe that exception to apply only to the situation in which the prostitute is engaged in prostitution at the time of the indecent act. To construe it otherwise would have the unconscionable result of declaring the prostitute, even in moments of retirement or repose, to be fair game for indecent liberties of even a total stranger, an intent which we would not ascribe to the legislature. There is no claim whatever that the complaining witness was engaged in the practice of prostitution on the occasion of this indecent act; defendant's trial testimony, indeed, asserted the rectitude of his relationship with her at all times. It is not at all clear, moreover, that defendant had only newly discovered the evidence that the complaining witness was a public prostitute, for it would appear from the oral presentation to the trial court that the evidence had not been adduced at the time of trial, not because defendant did not know of it, but simply because available witnesses were reluctant to testify.

Affirmed.